UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| RONALD B. MYERS, | ) |
| | ) |
| Petitioner | ) |
| | ) |
| v. | ) Case No. 1:09-cv-02005-HGD |
| | ) |
| CONSTANCE REESE, WARDEN, | ) |
| | ) |
| Respondent | ) |

### REPORT AND RECOMMENDATION

Petitioner, Ronald B. Myers, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He asserts that his due process rights were violated in connection with parole revocation proceedings.

**PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

The court takes judicial notice of the record in *Ronald B. Myers v. Constance Reese, Warden*, Case No. 1:09-cv-00028-CLS-HGD (N.D.Ala.) for procedural history of petitioner's interactions with federal authorities and the USPC.[1] Myers was sentenced to serve four (4) years for conspiracy to possess and pass counterfeit federal reserve notes on July 17, 1987, by the United States District Court for the District of Colorado. On September 23, 1988, he was sentenced by the U.S. District

---

[1] *See United States v. Glover*, 179 F.3d 1300, 1302 n. 5 (11th Cir. 1999) ("A court may take judicial notice of its own records and the records of inferior courts."); *McBride v. Sharpe*, 25 F.3d 962, 969 (11th Cir. 1994); *Allen v. Newsome*, 795 F.2d 934, 938 (11th Cir. 1986).

Court for the Northern District of Georgia to serve a consecutive term of ten (10) years for interstate transportation of counterfeit motor vehicle titles. He was mandatorily paroled on August 26, 1996, with a full-term expiration date of April 27, 2001. On February 20, 1998, the Commission issued a warrant charging that petitioner violated the terms of his parole by failing to report a change in residence and violation of a special condition to attend a Wellness Institute for submission of urine specimens and counseling.

Petitioner was sentenced on November 12, 1998, to forty-four (44) months for conspiracy to transport stolen motor vehicles across state lines and conspiracy to possess stolen motor vehicles by the U.S. District Court for the Northern District of Mississippi. He also was sentenced to three (3) years of supervised release to begin upon the completion of his 44-month sentence. The Commission supplemented its February 20, 1998, warrant on March 24, 1999, adding the fact of this conviction as a basis for revocation of his parole. This warrant was executed on June 29, 2001, after petitioner completed his sentence.

Petitioner received a revocation hearing which resulted in the revocation of his mandatory parole on October 21, 2001. He was paroled again on December 21, 2001, but turned over to the Kentucky Department of Corrections to serve a state sentence which had a full-term expiration date of February 25, 2006. Petitioner was released by Kentucky authorities on February 6, 2004.

On February 19, 2004, the Commission issued a warrant charging Myers with failing to report to a U.S. Probation Officer as directed and failure to report a change

in his residence. On May 13, 2004, jurisdiction over petitioner's supervised release was transferred from the Northern District of Mississippi to the Eastern District of Washington.

On August 30, 2004, Myers was arrested by the F.B.I. in Spokane, Washington, on a charge of interstate transportation of stolen motor vehicles. He was sentenced on June 28, 2005, to a term of 60 months by the U.S. District Court for the Eastern District of Washington for possession of an implement for counterfeiting state security and for interstate transportation of a stolen motor vehicle. He also received a three-year term of supervised release. On the same date, the same district court sentenced petitioner to 24 months in prison, with six months consecutive and 18 months concurrent to the preceding case, for failure to report, possession of counterfeit state securities, and for use of a stolen motor vehicle that had been transported in interstate commerce. The same court, on the same date, also revoked Myers' supervised release on his 1998 Mississippi conviction and sentenced him to six months consecutive and 18 months concurrent to the 60-month sentence.

The Commission again issued a supplemental warrant on May 22, 2007, charging petitioner with violation of his parole based on the charges of possession of an implement for counterfeiting a state security and interstate transportation of a stolen motor vehicle. By letter dated May 22, 2007, the Commission instructed the prison housing Myers to place its warrant as a detainer. Approximately 18 months later, on December 9, 2008, the U.S. Bureau of Prisons formally notified the Commission that its warrant was placed as a detainer.

By letter dated April 16, 2009, the Commission notified petitioner of a pending dispositional review on the record regarding this detainer. The letter advised Myers that a detainer had been lodged against him, that the Commission would be conducting an on-the-record dispositional review of his case to determine the status of the violator warrant, and that he had a right to submit a statement or have an attorney submit a statement on his behalf regarding the dispositional review. He also was informed of the possible actions the Commission could take after the review. Myers was given a deadline of May 25, 2009, to provide a statement.

On August 6, 2009, subsequent to the filing of Myers' petition, the Commission held a revocation hearing. On September 7, 2009, the United States Parole Commission ordered that Myers' parole be revoked. It made the following findings of fact and the basis therefor:

Charge No. 1-Failure to Report to Supervising Officer as Directed.

Basis: Your admission to examiner.

Charge No. 2-Failure to Report Change in Residence.

Basis: Your admission to examiner.

Charge No. 3-Law Violations: (a) Possession of Implementing Counterfeit State Security; (b) Implementing Counterfeit State Security; (c) Interstate Transportation of Motor Vehicles.

Basis: Your admission to the examiner and your conviction in the U.S. District Court for the Eastern District of Washington.

The Commission stated several reasons for its decision, including the large loss amount of between $200,000 and $1,000,000 and the fact that this was the third time

Myers had been convicted of this particular crime, which involved the theft of recreational vehicles, and his seventh overall conviction.

In his habeas corpus petition, Myers contends that the U.S. Parole Commission (USPC) placed a detainer against him for parole violation, then failed to provide him with procedural due process under 18 U.S.C. § 4214(b)(1).[2]  He avers that he was not appointed counsel to represent him prior to a parole revocation hearing which took place on August 6, 2009.  He also asserts he was not allowed to review the USPC file prior to the hearing.  Petitioner states that when he raised these issues at the parole revocation hearing, he would have to wait until the next hearing date, 10 weeks from August 6, 2009.  Petitioner agreed to waive his right to counsel and to review the USPC file because he believed he was 60 days beyond his release date.  At the conclusion of the hearing, the parole examiner recommended that petitioner's parole be revoked and that he be given a violator term of 87 months.  The term of imprisonment was reduced by nine months due to petitioner's Superior Program Achievement Award, yielding a term of 78 months.  Petitioner contends the reparole

---

[2] This statute provides:

> Conviction for any criminal offense committed subsequent to release on parole shall constitute probable cause for purposes of subsection (a) of this section.  In cases in which a parolee has been convicted of such an offense and is serving a new sentence in an institution, a parole revocation warrant or summons issued pursuant to section 4213 may be placed against him as a detainer.  Such detainer shall be reviewed by the Commission within one hundred and eighty days of notification to the Commission of placement.  The parolee shall receive notice of the pending review, have an opportunity to submit a written application containing information relative to the disposition of the detainer, and, unless waived, shall have counsel as provided in subsection (a)(2)(B) of this section to assist him in the preparation of such application.

guideline for his violative behavior called for a term of 60 to 72 months, based on a category 5 offense level and a 2-point salient factor score.

On September 8, 2009, petitioner received a Notice of Action, which he asserts was two weeks beyond the 21-day time limit set out in 18 U.S.C. § 4214(f). The Notice concurred with the parole examiner's recommendation and sentenced petitioner to a 78-month term. Petitioner complains that in calculating his sentence, neither the parole examiner nor the USPC took into consideration the mandatory parole under 18 U.S.C. § 3206(d) and 28 C.F.R. § 2.53. He argues that he should have been released on mandatory parole after serving 2/3 of the parole violator term, inasmuch as he had approximately 51 months remaining on his original sentence at the time of reincarceration, making his 2/3 date 34 months. He also claims the examiner and the USPC agreed that the 60 months petitioner had served on his new federal sentence was counted toward the 78-month term. For relief, he seeks an order voiding the parole revocation hearing and requiring a new hearing.

Subsequent to the filing of the habeas corpus petition, petitioner was released from federal prison due to the expiration of his sentence. He now is incarcerated at Roederer Correctional Complex in LaGrange, Kentucky, a facility within the Kentucky Department of Corrections.

## DISCUSSION

Petitioner seeks relief from the 2009 parole revocation pursuant to 28 U.S.C. § 2241. The pertinent portion of this statute provides that "[t]he writ of habeas

corpus shall not extend to a prisoner unless . . . [h]e is in custody under or by color of the authority of the United States or is committed for trial before some court thereof." 28 U.S.C. § 2241(c)(1). An individual is held "in custody" by the United States when the United States official charged with his detention has "the power to produce" him. *Munaf v. Geren*, 553 U.S. 674, 686, 128 S.Ct. 2207, 2217, 171 L.Ed.2d 1 (2008), quoting *Wales v. Whitney*, 114 U.S. 564, 574, 5 S.Ct. 1050, 29 L.Ed. 277 (1885). A petitioner is not "in custody" to challenge a conviction when the sentence imposed for that conviction has completely expired. *Maleng v. Cook*, 490 U.S. 488, 490-91, 109 S.Ct. 1923, 1925, 104 L.Ed.2d 540 (1989). When the "sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Id.* at 492, 109 S.Ct. at 1926. *See also Spencer v. Kemna*, 523 U.S. 1, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998) (claim that parole was wrongfully revoked becomes moot when prison sentence upon revocation of that parole expires); *Van Zant v. Florida Parole Comm'n*, 104 F.3d 325 (11th Cir. 1997) (inmate not "in custody" for § 2241 purposes once he has been released from incarceration resulting from parole revocation). It is thus apparent that petitioner's challenge to the 2009 parole revocation has been rendered moot by his release from the incarceration imposed as a result of that revocation.

Based on the foregoing, it is RECOMMENDED that the petition for writ of habeas corpus be DISMISSED as MOOT.

**NOTICE OF RIGHT TO OBJECT**

Any party who objects to this report and recommendation must, within fourteen (14) days of the date on which it is entered, file specific written objections with the clerk of this court. Failure to do so will bar any later challenge or review of the factual findings of the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), *reh'g denied*, 474 U.S. 1111, 106 S.Ct. 899, 88 L.Ed.2d 933 (1986); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (*en banc*). In order to challenge the findings of the magistrate judge, a party must file with the clerk of the court written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection. A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge shall make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. The district judge, however, need conduct a hearing only in his discretion or if required by law, and may consider the record developed before the magistrate judge, making his own determination on the basis of that record. The district judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Objections not meeting the specificity requirement set out above will not be considered by a district judge.

A party may not appeal a magistrate judge's recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a district judge.

DONE this 13th day of January, 2011.

_____<br>
HARWELL G. DAVIS, III<br>
UNITED STATES MAGISTRATE JUDGE